COPY

FILED

1   BROWN, WEGNER & BERLINER LLP
2   Matthew A. Berliner (SBN 224384)
    mberliner@bwb-lawyers.com
3   Matthew K. Wegner (SBN 223062)
4   mwegner@bwb-lawyers.com
    2603 Main Street, Ste. 1050
5   Irvine, CA 92614
6   949.705.0080
    949.794.4099 - Facsimile
7

10 AUG -2 PM 1: 48

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY:_____

8   LAW OFFICES OF WALT D. ROPER
    Walt D. Roper (Texas SBN 00786208)
9   walt@roperfirm.com
10  3100 Monticello Avenue, Suite 500
    Dallas, Texas 75205
11  972.755.2525
    214.378.6670 - Facsimile
12  *PRO HAC VICE APPLICATION PENDING*
13
    Attorneys for Richard J. Lang and Patricia Ann Freeman,
14  Individually and on Behalf of All Others Similarly Situated.
15
16          IN THE UNITED STATES DISTRICT COURT
                 CENTRAL DISTRICT OF CALIFORNIA
17                    WESTERN DIVISION
18
19  Richard J. Lang and Patricia Ann Freeman,
    Individually and on Behalf of All Others
20  Similarly Situated,
21          Plaintiffs,
22  V.
23  NCH Corporation,
24
25          Defendant.
26
27
28

**CV10 5729 DMG (FFMx)**

Case No._____

Assigned for all purposes to:

_____

**PLAINTIFFS' CLASS ACTION COMPLAINT**

(1) Violation of California Labor Code § 2802
(2) Violation of Unfair Competition Law, California Business and Professions Code § 17200

**DEMAND FOR JURY TRIAL**

- 0 -
PLAINTIFFS' CLASS ACTION COMPLAINT

Defendant NCH Corporation violated the California Labor Code § 2802 by failing to indemnify its employees for necessary business expenditures as required by law.  Plaintiffs Richard J. Lang and Patricia Ann Freeman ("Plaintiffs") bring this suit to recover the damages owed to themselves and other employees similarly situated.

## JURISDICTION

1.      This Court has subject matter jurisdiction over this action pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d), as the proposed class contains more than 100 members, at least one of whom maintains citizenship in a state diverse from the defendant, and seeks in the aggregate more than $5,000,000, exclusive of costs and interest.  The Court also has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a), because the amount in controversy exceeds $75,000, and the Plaintiffs and Defendant are citizens of different States.

## VENUE

2.      Venue is proper in this district, pursuant to 28 U.S.C. § 1441(a), because a substantial part of the events or omissions giving rise to the claims stated herein arose within this District, and a substantial number of the members of the class alleged herein work or worked for Defendant in facilities and operations maintained by Defendant within this District and within the Division and Courthouse to which this action has been assigned, specifically in the City of El Segundo and County of Los Angeles.

**PARTIES**

3.      **Plaintiffs.** Plaintiff Richard J. Lang is a citizen of the State of California. Plaintiff Lang was employed by Defendant from approximately September 2001 to approximately November 2009.  During the relevant times herein Plaintiff Lang served as a sales representative and then sales manager for Defendant.  Plaintiff Patricia Ann Freeman is a citizen of the State of California.  Plaintiff Freeman was employed by Defendant from approximately May 1988 to approximately February 2009.  During the relevant times herein Plaintiff Freeman served as a sales representative for Defendant.  Plaintiffs Lang and Freeman were subject to Defendant's unlawful business expense reimbursement policies and/or practices set forth herein.

4.      **Defendant.** Defendant NCH Corporation is a Delaware corporation with its principal offices and corporate headquarters at 2727 Chemsearch Blvd., Irving, Texas 75062.  Although Defendant is registered to conduct business in California and maintains offices and employees in California, Defendant is a citizen of the State of Texas or Delaware for the diversity analysis.  Defendant NCH Corporation may be served with process by service on its registered agent, C T Corporation System, 818 West Seventh Street, Los Angeles, California 90017.

5.      All of Plaintiffs' claims stated herein are asserted against Defendant and any of its predecessors, successors and/or assigns.

**BACKGROUND FACTS**

6.     Defendant's website touts that it has multiple divisions, including: Chemsearch, Certified Labs, Mantek, Partsmaster, Chem-Aqua, Lubemaster, ECOBionics, XChem, Partsmaster, Danco, LSP Products Group, Out!, and Danco Perfect Match.  The divisions concentrate on developing, manufacturing, and distributing cleaning and maintenance, water treatment and remediation, plumbing, pet care, and special industrial products.  Defendant reportedly conducts operations in over 50 countries and five continents, employing more than 8,500 employees and technical representatives.

7.     In California, Defendant maintains offices throughout the state.  Plaintiffs were assigned to the El Segundo office, but spent most of their time out of the office as outside sales representatives.  Plaintiff Lang was later promoted to sales manager. Sales representatives are required to complete detailed calendars of their weekly sales calls, and the calendars are submitted to sales managers who, in turn, deliver those to the company offices for tracking purposes.  Sales managers must also document their own sales calls, and are expected to conduct sales calls in addition to their managerial obligations.  Salespersons undergo numerous training sessions in which they are taught the means and methods by which Defendant desires its sales force to promote and sell its products.  Upon information and belief, there are over 100 salespersons within the divisions who are or were working for Defendant in California over the last four years.

8.    Salespersons are routinely taught the importance of: face-to-face meetings with customers and prospective customers which are to take place at the customer's offices; providing novelties (pens, mugs, etc.) to customers and prospective customers which are branded with Defendant's name; and "breaking bread" with customers and prospective customers in or near the customer's place of business.  But since at least four years prior to the filing of this action, Defendant has maintained business expenses policies and/or practices that deny lawful compensation to its salespersons.  Those policies and/or practices cause salespersons to personally pay for expenses incurred by them in direct consequence of discharging their sales duties on behalf of Defendant and obeying the directions provided by Defendant.  Salespersons are not provided company vehicles or credit cards to carry out their sales activities; rather, they must drive their own vehicles, pay for their own insurance, gas and maintenance, pay for their own cell phones and cellular plans, and purchase their own stock of novelties from Defendant for delivery to customers and prospective customers.

9.    Defendant is aware that its salespersons regularly incur business expenses in the discharge of their duties, but Defendant fails and refuses to reimburse them for such business expenses.  For example, when a salesperson is first hired, and before they are able to start having sales that generate commissions (and therefore income), Defendant provides an expense reimbursement for gas and novelties.  But although the expenses do not end once the salesperson goes on full commission pay, the reimbursement does.  An additional way that the Defendant is aware that its

salespersons are incurring expenses is that, in rare instances, more tenured salespersons are in fact provided a gas reimbursement. But that program is not made available to most salespersons. When Plaintiff Lang asked, via email, to be included in such program, he was told on a phone call on April 2, 2009 that there was "no program available anymore." Further, Defendant has actual knowledge that salespersons are incurring non-reimbursed expenses when they buy branded novelties, because the novelties are purchased by the salespersons *from Defendant*. Such purchases are tracked and logged into the accounting system, and then deducted from the salesperson's paycheck.

10.     The employment agreements, handbooks, paycheck stubs and other documents provided to salespersons are devoid of any information or agreement regarding a program or methodology whereby Defendant is paying its salespersons increased wages or commissions in lieu of indemnifying its employees for incurred expenses. Thus, Defendant has not taken any steps to conform to the requirements set forth in *Gattuso v. Harte-Hanks Shoppers, Inc.*, 169 P.3d 889, 901 (Sup. Ct. Ca. 2007) ("an employer that uses salary and/or commission increases to discharge its reimbursement obligation must also communicate to its employees the method or basis for apportioning any increases in compensation between compensation for labor performed and business expense reimbursement. Such a requirement, as noted, is necessary for effective enforcement of Section 2802's reimbursement provisions and, thus, implicit in the statutory scheme.").

# FIRST CLAIM FOR RELIEF

## FAILURE TO REIMBURSE FOR BUSINESS EXPENSES
### (CALIFORNIA LABOR CODE § 2802)

11. The allegations of Paragraphs 1 through 10 are re-alleged and incorporated herein by reference, and Plaintiffs allege as follows a cause of action on behalf of themselves and the class of similarly situated salespersons.

12. California Labor Code § 2802 provides that "[a]n employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties."

13. In order to discharge their sales-related duties for Defendant, Plaintiffs and Class Members had to use their own personal motor vehicles for work-related travel. However, Defendant did not fully pay for expenses incurred as a result of Plaintiffs' and Class Members' use of their own motor vehicles for work, including for liability insurance, gas, parking, mileage and other travel related expenses.

14. Plaintiffs and Class Members also had to pay out of their own money for food, beverage, entertainment and/or other gifts for Defendant's clients and prospective clients as part of their sales-related duties for Defendant. However, Defendant did not fully pay for or otherwise fully reimburse Plaintiffs and Class Members for such expenses.

15. Plaintiffs and Class Members also incurred other necessary business expenses in carrying out their sales-related duties, including use of their personal cell phones, and/or similar communication devices. These expenses were not reimbursed.

16. Plaintiffs and Class Members are entitled to reimbursement for these necessary expenditures, plus interest and attorneys' fees and costs, under California Labor Code § 2802, and Plaintiffs, on behalf of themselves and a class of similarly situated salespersons, bring this lawsuit to recover for such elements of damages.

## SECOND CLAIM FOR RELIEF

### UNFAIR COMPETITION LAW VIOLATIONS
### (CALIFORNIA BUSINESS & PROFESSIONS CODE § 17200)

17. The allegations of Paragraphs 1 through 16 are re-alleged and incorporated herein by reference, and Plaintiffs allege as follows a cause of action on behalf of themselves and a class of similarly situated salespersons.

18. CAL. BUS. & PROF. CODE § 17200 prohibits unfair competition in the form of any unlawful, unfair, or fraudulent business act or practice.

19. CAL. BUS. & PROF. CODE § 17204 allows "any person who has suffered injury in fact and has lost money or property" to prosecute a civil action for violation of CAL. BUS. & PROF. CODE § 17200.

20. Beginning at an exact date unknown to Plaintiffs, but at least four years prior to the filing of this action, and continuing to the present, Defendant has committed unlawful, unfair, and/or fraudulent business acts and practices as defined by CAL. BUS. & PROF. CODE § 17200, by failing to reimburse and indemnify Plaintiffs and Class Members for employment-related business expenses.

21. This violation of law serves as unlawful, unfair, and/or fraudulent predicate acts and practices for purposes of CAL. BUS. & PROF. CODE § 17200.

22.   As a direct and proximate result of Defendant's unlawful, unfair, and/or fraudulent acts and practices described herein, Defendant has received and continues to hold ill-gotten gains belonging to Plaintiffs and Class Members in the form of un-reimbursed employee business expenses. As a direct and proximate result of Defendant's unlawful business practices, Plaintiffs and Class Members have suffered economic injuries including, but not limited to, out-of-pocket business expenses. Defendant has profited from its unlawful, unfair, and/or fraudulent acts and practices in the amount of those business expenses and interest accrued thereon that should have been paid to Plaintiffs and Class Members.

23.   Plaintiffs and Class Members are entitled to restitution pursuant to CAL. BUS. & PROF. CODE § 17203 and 17208 for all unpaid business expenses and interest accruing from four years prior to the filing of this action to the date of such restitution.

24.   In order to prevent Defendant from profiting and benefitting from its wrongful and illegal acts and continuing those acts, Plaintiffs request an order requiring Defendant to disgorge all the profits and gains it has reaped and restore such money to the salespersons, from whom it was unlawfully taken.

25.   Plaintiffs have assumed the responsibility of enforcement of the laws and lawful claims specified herein. There is a financial burden incurred in pursuing this action which is in the public interest. Therefore, reasonable attorneys' fees are appropriate pursuant to California Code of Civil Procedure § 1021.5.

26.   By all of the foregoing alleged conduct, Defendant has committed, and is

1  continuing to commit, ongoing unlawful, unfair and fraudulent business practices

2  within the meaning of CAL. BUS. & PROF. CODE § 17200 *et seq*.

3

4  27.   As a direct and proximate result of the UCL violations described above,

5  Plaintiffs and the Class Members have all suffered significant losses and Defendant

6  has been unjustly enriched.

7

8  28.   Pursuant to CAL. BUS. & PROF. CODE § 17203, Plaintiffs and other Class

9  Members are entitled to restitution of money acquired by Defendant by means of its

10  unfair business practices, in amounts not yet ascertained but to be ascertained at trial;

11

12  and a declaration that Defendant's business practices are unlawful, unfair, and/or

13  fraudulent within the meaning of the statute.  Plaintiffs, on behalf of themselves and

14  similarly situated salespersons, request this relief.

15
## CLASS ACTION ALLEGATIONS
16

17  29.   Plaintiffs seek to maintain this case as a class action with regard to all of their

18  Claims for Relief, pursuant to Federal Rule of Civil Procedure 23(b)(2) and (b)(3) on

19  behalf of the following class:

20
> all persons who are or have been employed by Defendant in
21  California as sales representatives and/or sales managers
> (salespersons) at any time from four years prior to the filing of this
22  action through trial.

23  The class includes all salespersons from each of Defendant's divisions, including but

24  not limited to: Chemsearch, Certified Labs, Mantek, Partsmaster, Chem-Aqua,

25

26  Lubemaster, ECOBionics, XChem, Partsmaster, Danco, LSP Products Group, Out!,

27  and Danco Perfect Match.

28

30.    Plaintiffs are informed and believe and thereon allege that Defendant has employed more than 100 salespersons in California subject to Defendant's business expense reimbursement policy at all times during the class period, and due to employee turnover the number of Class Members is much larger than the number of salesperson positions at any one time.  Hence, the persons in the putative class are so numerous that joinder of all such persons is impracticable, and the disposition of their claims as a class will benefit the parties and the Court.

31.    There are numerous common questions of law and fact that apply equally to the claims of all members of the putative class.

32.    Common questions of fact and law, with regard to the claims of the members of the putative class, include:

    a.    Whether salespersons incurred unreimbursed business expenses in the discharge of their duties as employees, for such items as automobile use and maintenance, parking, use of telephones and mobile communications equipment, meals and gifts for clients of Defendant, and similar business expenses;

    b.    Whether Defendant intended, suffered and permitted, and/or was aware that salespersons incur such business expenses in the discharge of their duties as employees;

    c.    Whether salespersons may properly maintain a California Business & Professions Code § 17200 claim;

    d.    Whether Defendant failed and/or refused to reimburse business expenses incurred by Plaintiffs and Class Members in the discharge of their duties;

    e.    Whether Defendant's failure to reimburse business expenses incurred by the salespersons was the result of, and/or pursuant to, a business policy or regular practice of Defendant;

    f.    Whether Defendant's failure to reimburse business expenses incurred by salespersons was willful;

    g.    Whether Defendant violated California Labor Code § 2802 by denying salespersons reimbursement for their business expenses;

1     h.    Whether Defendant violated California Business and Professions Code § 17200 by failing to pay business expenses for salespersons; and

     i.    The proper formula(s) for calculating restitution and damages owed to salespersons.

33.    The claims of Plaintiffs, as alleged herein, are typical of those claims which could be alleged by all salespersons.  The relief sought by Plaintiffs is typical of the relief which could be sought by each salesperson in a separate action.

34.    Plaintiffs and their counsel are adequate to represent and protect the interests of all salespersons.  Plaintiffs have no known conflicts of interest with any putative class member.

35.    Defendant has acted or refused to act on grounds generally applicable to the class, thereby making appropriate declaratory relief with respect to the class as a whole.

36.    The common questions of fact and law alleged above, and other questions common to the class predominate over any questions affecting only individual members of the class, and a class action is superior to other available methods for the fair and efficient adjudication of the claims asserted by Plaintiffs on behalf of the class.

**DEMAND FOR JURY TRIAL**

37.    Plaintiffs hereby demand trial by jury to the extent authorized by law.

**NO PRIVATE ATTORNEY GENERAL ACT CLAIM AT THIS TIME**

38.    Notwithstanding any other language contained in this Complaint, Plaintiffs are not, at this time, making an attempt to recover "civil penalties" as that term is defined

- 11 -
PLAINTIFFS' CLASS ACTION COMPLAINT

in CAL. LABOR CODE § 2699, *et. seq.* However, Plaintiffs reserve the right to transmit a notice letter pursuant to CAL. LABOR CODE § 2699.3, and also reserve the right to amend their Complaint to add a claim for civil penalties in the future.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, individually and on behalf of a class of salespersons, pray for judgment against Defendant as follows:

### WITH REGARD TO ALL OF PLAINTIFFS' CLAIMS FOR RELIEF:

A.     That the Court certify this case as a class action pursuant to FED. R. CIV. PRO. 23(b)(2) and (b)(3), and certify Plaintiffs and their counsel as representative of the class defined herein.

### WITH REGARD TO THE FIRST CLAIM FOR RELIEF:

B.     That the Court declare that Defendant's business expense policies and/or practices violate California law by not treating all business expenses incurred by salespersons in the discharge of their duties as employees of Defendant as business costs to be paid or reimbursed by Defendant.

C.     That the Court find and declare that Defendant's business expense policies and/or practices violate California law, including California Labor Code § 2802, as it denies employees reimbursement for all expenses incurred during the course of conducting business for their employer.

D.     That the Court award to salespersons all un-reimbursed business expenses, and interest thereon, they are owed, subject to proof at trial; and,

E.      That salespersons be awarded reasonable attorneys' fees and costs pursuant to California Labor Code § 2802 and/or other applicable law.

**WITH REGARD TO THE SECOND CLAIM FOR RELIEF:**

F.      That the Court find and declare that Defendant has violated California Business and Professions Code § 17200 and committed unfair and unlawful business practices by failing to reimburse salespersons for necessarily incurred business expenses;

G.      That Defendant be ordered to pay restitution, including interest, to the salespersons due to Defendant's UCL violations, pursuant to California Business and Professions Code § 17200-17205;

H.      That Plaintiffs and the Class be awarded reasonable attorneys' fees and costs pursuant to all applicable laws.

**WITH REGARD TO ALL OF PLAINTIFFS' CLAIMS FOR RELIEF:**

I.      That the Court award such other and further relief as this Court may deem appropriate.

DATED: July 30, 2010                          BROWN, WEGNER & BERLINER LLP

                                              By: _____
                                              Matthew A. Berliner (SBN 224384)
                                              mberliner@bwb-lawyers.com
                                              Matthew K. Wegner (SBN 223062)
                                              mwegner@bwb-lawyers.com
                                              2603 Main Street, Ste. 1050
                                              Irvine, CA 92614
                                              949.705.0080
                                              949.794.4099 – Facsimile

LAW OFFICES OF WALT D. ROPER
Walt D. Roper (Texas SBN 00786208)
walt@roperfirm.com
3100 Monticello Avenue, Suite 500
Dallas, Texas 75205
972.755.2525
214.378.6670 – Facsimile

*PRO HAC VICE APPLICATION*
*PENDING*

**Attorneys for Richard J. Lang and**
**Patricia Ann Freeman, Individually**
**and on Behalf of All Others Similarly**
**Situated.**