FILED
CLERK, U.S. DISTRICT COURT

JUN -8 2011

CENTRAL DISTRICT OF CALIFORNIA
BY                         DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD J. LANG and PATRICIA ANN FREEMAN, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>vs.<br><br>NCH CORPORATION,<br><br>Defendant. | Case No.: CV-10-5729-DMG (FFMx)<br><br>[Assigned for all purposes to the Honorable Dolly M. Gee]<br><br>[~~PROPOSED~~] PROTECTIVE ORDER RE STIPULATION PRECLUDING DISCLOSURE OF CONFIDENTIAL OR PROPRIETARY INFORMATION<br><br>Complaint filed: August 2, 2010<br>Trial Date: February 7, 2012 |

The Court having considered the Stipulation Regarding Precluding Disclosure of Confidential or Proprietary Information; and good cause appearing,

IT IS HEREBY ORDERED THAT:

1. Designated Material. During discovery herein, any information or material within the scope of Federal Rules of Civil Procedure 26-37, including but not limited to documents, deposition testimony, transcripts and exhibits, interrogatory answers, responses to requests for admissions and other written, recorded or graphic materials, may be designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

ATTORNEY EYES ONLY" by the person or entity producing, providing, filing or lodging it or by any party to this action (the "Designating Person"). All "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY" information and material, and all information or material derived from it, constitute "Designated Material" under this Stipulation and Order. A party may not designate information or material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY" if there has been a prior final determination by the Court that such information or material may not be treated as confidential for the reasons claimed by the Designating Party. A party may not designate as confidential any information which already has been made public and may only designate information which the party in good faith believes will, if disclosed, have the effect of causing harm to its competitive position or otherwise impinge upon a party's right to privacy.

2. Access to Designated Material. The designation of any document as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY" shall not preclude any party from showing or providing a copy of the document to any person who appears as an author, addressee or recipient on the face of the document.

(a) For documents designated as "CONFIDENTIAL," the Designated Material shall not otherwise be used or disclosed for any purposes whatsoever, except in connection with the litigation of the Action (including any appeal), and may be disclosed only to the following persons:

(1) the named parties to this action and their officers, directors or employees, and those employees employed as of the date the document was created who were in a position to have access to the document;

(2) the parties' counsel, including in-house counsel, and such counsel's legal associates, paralegals, secretaries, and offices' staffs;

(3) independent experts or consultants and their staffs specifically retained to assist counsel in the Action, provided that any such experts or consultants shall, prior to any disclosure, execute an undertaking to be bound by this Stipulation and

Order (in the form attached hereto as Appendix A), which shall be maintained at the office of counsel retaining such expert or consultant and produced to opposing counsel at the conclusion of the Action;

   (4) third parties specifically retained by counsel for parties to this Action (or their legal associates and their offices' staffs) for copying or computer coding of documents, but only for such copying or computer coding purposes;

   (5) the Court, court reporters, and court officers, pursuant to paragraph 7 of this Stipulation and Order; and

   (6) any witness shown the document in a deposition in the Action.

  (b) For documents designated as "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY", the Designated Material shall not otherwise be used or disclosed for any purposes whatsoever, except in connection with the litigation of the Action (including any appeal), and may be disclosed only to the following persons:

   (1) the parties' counsel, including in-house counsel, and such counsel's legal associates, paralegals, secretaries, and offices' staffs to whom it is reasonably necessary to disclose the information for this litigation;

   (2) independent experts or consultants and their staffs specifically retained to assist counsel in the Action, provided that any such experts or consultants shall, prior to any disclosure, execute an undertaking to be bound by this Stipulation and Order (in the form attached hereto as Appendix A), which shall be maintained at the office of counsel retaining such expert or consultant and produced to opposing counsel at the conclusion of the Action;

   (3) third parties specifically retained by counsel for parties to this Action (or their legal associates and their offices' staffs) for copying or computer coding of documents, but only for such copying or computer coding purposes;

   (4) the Court, court reporters, and court officers, pursuant to paragraph 7 of this Stipulation and Order; and

   (5) any witness shown the document in a deposition in the Action.

3. Copies of Designated Material. Copies and extracts of Designated Material may be made by or for only those persons authorized by paragraph 2 to review such materials, provided that all copies and extracts are appropriately marked as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY." All copies and extracts of Designated Material are subject to the provisions of this Stipulation and Order as though they were original Designated Material.

4. Custody of Designated Material. All documents containing information designated "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY" and notes or other records regarding that information shall be maintained in the custody of the parties' outside or in-house counsel, and no partial or complete copies thereof containing Designated Material shall be retained by anyone else at any location, except that independent experts and consultants may retain documents on a temporary basis for purposes of study, analysis and preparation of the Action.

5. Designating Documents. The designation of all or a portion of a document as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY" shall be made by placing such legend on each designated page of the document prior to production. In the case of a document produced by a non-party that is not the Designating Person with respect to such document, all parties reserve their right to seek a protective order to deem such document "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY" and subject to the terms of this Stipulation and Order.

6. Designating Depositions.

(a) Deposition transcripts or portions thereof may be designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY" either: (i) at the deposition itself, by request of any party, or (ii) by captioned, written notice to the reporter and all counsel of record, given within ten court days following notice from the reporter that the transcript is available for review, in which case all counsel receiving such notice shall be responsible for marking the copies of the

designated transcript or portion thereof in their possession or control as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY." Pending expiration of the ten court days, the deposition transcript shall be treated as if it had been designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY."

(b) Where testimony is designated at a deposition, the Designating Person may exclude from the deposition all persons other than those to whom the Designated Material may be disclosed under paragraph 2 of this Stipulation and Order.

(c) Any party may mark Designated Material as a deposition exhibit and examine any witness thereon, provided (i) that the exhibit and related transcript pages receive the same confidentiality designation as the original Designated Material, and (ii) that either the deposition witness is one to whom the exhibit may be disclosed under paragraph 2 of this Stipulation and Order, or the deposition witness is a current or former officer, director, member, partner or employee of the Designating Person with respect to such Designated Material.

7. Procedures for Filing Records under Seal.

(a) Prior to lodging or filing any Designated Material, or offering it for admission as evidence, the party seeking to lodge or file the Designated Material, or offer the Designated Material for admission as evidence, shall make a good faith effort to obtain an order from the court to allow submission of the Designated Material under seal, in compliance with Federal Rule of Civil Procedure 79 and Central District of California Local Rule 79.5, as the same may be applicable. The other parties shall not oppose such a motion, and shall stipulate to an order shortening time for notice of hearing on the motion, if so requested.

(b) To the extent permitted by the Court, upon request of a party, any hearing which may refer to or describe Designated Material shall be held *in camera*.

(c) The court's denial of a motion to seal shall not bar the use of the Designated Material, or the offering of it for admission as evidence, in connection with

any motion, proceeding or trial in the Action, and such use of or offering in evidence of the Designated Material shall not constitute a breach of this agreement.

   (d)  Notwithstanding (a) above, upon written agreement or stipulation by all parties, specific Designated Material may be lodged or filed, or offered for admission as evidence, not under seal in connection with any motion, proceeding or trial in this matter, and such use of or offering in evidence of the Designated Material shall not constitute a breach of this agreement.

  8.  Objections. A party may challenge the propriety of any designation under this Stipulation and Order at any time. Upon written request of the objecting party, the Designating Person must inform the objecting party, within fifteen (15) business days, of the basis for the designation. A challenge may be made by serving on all other parties a captioned notice of objection, which shall identify with particularity the Designated Material as to which the designation is challenged, state the basis for each challenge and propose a new designation for each item. The challenged material shall be deemed redesignated as proposed unless, within thirty (30) calendar days after service, the Designating Person has filed and served a motion for a protective order to maintain the original designation or to establish other confidentiality protections.

  9.  No Prejudice.

   (a)  Nothing in this Stipulation and Order shall preclude any party from seeking and obtaining additional or different protection with respect to the confidentiality of any information or material.

   (b)  This Stipulation and Order shall not diminish any existing obligation or right with respect to Designated Material, nor shall it prevent a disclosure to which the Designating Person consents before the disclosure takes place.

   (c)  The parties shall exert their best efforts to assert any claims of confidentiality prior to the disclosure of any discovery materials. The production of any document by any party shall be without prejudice to any claim by the producing party that such material should have been designated as "CONFIDENTIAL" or "HIGHLY

CONFIDENTIAL – ATTORNEY EYES ONLY." Claims of confidentiality may be asserted in writing and with particularity within a reasonable time after learning of such inadvertent or mistaken disclosure and such documents shall be treated as if the claim were made prior to disclosure. If within a reasonable time after such documents are inadvertently or mistakenly disclosed, the producing party asserts a claim that such documents are "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY," the receiving party shall take prompt steps to ensure that all known copies of such documents are returned promptly to the producing party for designation as such and prompt return to the receiving party. The parties thereafter may contest such claims of confidentiality, as set forth herein.

10. Discovery Obtained By Other Means. This Stipulation is not applicable to Designated Material if copies of such documents already have been obtained by the receiving party in a manner not subject to this Stipulation.

11. Final Disposition. Upon final termination of the Action and at the written request of the designating or the producing person, all Designated Material and all copies thereof shall, within 30 days of such final termination, be returned to counsel for the person that produced the material or destroyed. However, counsel may retain pleadings, attorney and consultant work product, and depositions, for archival purposes.

12. Subpoenas Seeking Designated Material. If any person that has obtained Designated Material under the terms of this Stipulation and Order receives a subpoena commanding the production of any such Designated Material, such person promptly shall notify the Designating Person of the service of the subpoena in order to afford the Designating Person an opportunity to object. The person receiving the subpoena should not produce any designated material in response thereto until the date specified for production in the subpoena. Nothing herein shall be construed as limiting the rights of third parties involved in other actions to conduct discovery, as limiting the subpoena power of another court, or as relieving any party served with a valid subpoena from complying with the subpoena.

13. Improper Disclosure.

(a) The parties and their counsel shall have the duty to use reasonable care and precaution to protect the confidentiality of material covered by this Stipulation and Order. If Designated Material submitted in accordance with the terms of this Stipulation and Order is disclosed to any person other than in the manner authorized by the terms herein, the party and person responsible for the disclosure immediately must bring all pertinent facts relating to such disclosure to the attention of the party producing such information and, without prejudice to any other rights of the Designating Person, make every effort to prevent further disclosure by it or by the person(s) to whom such information was disclosed.

(b) The parties agree that the unauthorized disclosure of Designated Material may cause irreparable injury to the non-breaching party and, accordingly, in the event of any breach or threatened breach of the provisions herein, the non-breaching party shall be entitled to seek immediate injunctive relief by way of *ex parte* hearing or otherwise as allowed by law or equity. The decision by the non-breaching party to seek such injunctive relief will be without prejudice to any other rights or remedies, legal or equitable, which the non-breaching party might have in the event of such a breach or threatened breach, and neither the seeking by the non-breaching party of any such relief nor the obtaining by the non-breaching party of any other such relief will be a waiver or release of any of the non-breaching party's other rights or remedies in such event.

14. Survival. The binding effect of this Stipulation and Order shall survive termination of this Action, and the Court shall retain jurisdiction to enforce the Stipulation and Order. The terms of this Stipulation and Order shall be binding upon the parties as a contract, whether or not a judicial officer signs the Proposed Order.

IT IS SO ORDERED:

Dated: 6/8/11

_____
HONORABLE FREDERICK F. MUMM
UNITED STATES MAGISTRATE JUDGE

4816-4436-8904, v. 1

*Lang, et al. v. NCH Corporation*
Case No. CV-10-5729-DMG (FFMx)

8

PROTECTIVE ORDER RE DISCOVERY
OF CONFIDENTIAL INFORMATION